### SIROCCO ENGINEERING CO. v. B. F. STURTEVANT CO.

#### (District Court, S. D. New York. December 23, 1913.)

PATENTS (§ 323*)—SUITS FOR INFRINGEMENT—DECREE.

Where a bill alleges infringement of claims of a patent as to which little or no evidence was taken, and which were not relied on, discussed by either party, or considered on the final hearing, the court is not required to pronounce any decree whatever as to such claims.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 596–599; Dec. Dig. § 323.*]

In Equity. Suit by the Sirocco Engineering Company against the B. F. Sturtevant Company. On settlement of decree.

See, also, 208 Fed. 147.

Motion by defendant on settlement of decree in favor of complainant that the court enter a decree dismissing the bill as to the claims of the two patents in suit not considered and adjudicated on at the final hearing, and that the decree apportion the costs.

Fraser, Turk & Myers, of New York City, for complainant.
Omri F. Hibbard, of New York City, for defendant.

RAY, District Judge. It appears, on an examination of the pleadings and record, that the complainant alleged in the bill infringement by defendant of several claims regarding which little, if any, evidence was taken, and infringement of other claims concerning which quite a little evidence was taken. During the taking of testimony the complainant gave notice as to what claims it would rely on, but at least once changed its attitude in this regard. At the final hearing the complainant relied upon and argued the validity of certain claims only, and defendant made no objection then that other of the claims were in issue, or should

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be considered or passed upon by the court. The court did not consider or pass upon any of the claims not presented for consideration on the final hearing. The court upheld all of such claims so argued as valid, and held them infringed by the defendant.

Under such circumstances I do not understand that the rules or the practice requires the court to pronounce any decree whatever as to the claims not presented, considered, or passed upon. It seems to me that as the court has not considered such claims, and was not called upon by either party to do so, it would be improper to make any decree regarding them. And I cannot assent to the proposition that when a suit in equity on a patent for an injunction and an accounting is brought, the bill sets out as many causes of action as the patent has claims alleged to be infringed, and that the court should pronounce a decree in favor of complainant on the claims sustained as valid and infringed,. and a decree for the defendant dismissing the bill as to the claims alleged to have been infringed when no substantial evidence was produced regarding them and the parties .by mutual assent, or silence, failed to present such claims to the court for consideration on the final hearing. I find no authority for such a decree under such circumstances.

As to costs, which are in the discretion of the court, I think the defendant here entitled to some consideration. It only briefed and argued the claims submitted on the final hearing, and which the court found valid and infringed, but the record shows that the defendant did spend some time in taking evidence or examining witnesses as to other claims, and as to which no claim of infringement was, in the end, made. Sufficient does not appear to enable the court to make an exact deduction, or one which will do exact justice between the parties, but I think that if the complainant recovers three-fourths costs and disbursements, substantial justice will be done. Hence the decree will direct that complainant recover three-fourths costs and disbursements.